UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
MARIE A. JEAN-FILS,

                                    Plaintiff,

            -against-

HSBC BANK USA, GROSS POLOWY LLC,

                                    Defendants.


--------------------------------------------------------------------
                                                                    x

***SUA SPONTE***
**REPORT AND
RECOMMENDATION**

24-CV-2872
(Gujarati, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

*Pro se* Plaintiff Marie A. Jean-Fils commenced this action on April 17, 2024 against HSBC Bank USA and Gross Polowy LLC (together, "Defendants") for "wrongful foreclosure" and "recission of an illegal and void Mortgage and Note to certain real estate." Dkt. No. 1 ¶ 4. Summonses were issued against Defendants on the same day. Dkt. No. 3.

Since then, Plaintiff has failed to comply with *five* separate Court orders and has failed to take any action in this case. *See* Apr. 18, 2024 Dkt. Order; June 11, 2024 Order regarding Fed. R. Civ. P. 4(m), Dkt. No. 6; June 24, 2024 Dkt. Order; July 11, 2024 Dkt. Order; July 24, 2024 Dkt. Order. The Court has repeatedly made clear that Plaintiff's noncompliance would have repercussions, including recommended dismissal, by forewarning that failure to abide by Court orders would result in the undersigned recommending to the District Judge that the case should be dismissed pursuant to Fed. R. Civ. P. 41(b). *See* July 11, 2024 Dkt. Order; July 24, 2024 Dkt. Order.

Because those warnings were not heeded, this Court now respectfully recommends, *sua sponte*, to the Honorable Diane Gujarati, United States District Judge, that this action be dismissed for failure to prosecute in light of Plaintiff's repeated failure to follow Court orders.

## I.    <u>Relevant Background</u>

Plaintiff commenced this case on April 17, 2024, alleging that Defendants wrongfully foreclosed on her mortgage. *See* Dkt. No. 1.  Plaintiff seeks damages, recission of the mortgage and note, and nullification of the judgment of foreclosure. *Id.* ¶¶ 116-24.

On April 17, 2024, summonses were issued against Defendants.  Dkt. No. 3.

On April 18, 2024, the Court entered a scheduling order that directed the parties to appear for an in-person initial conference on June 27, 2024 and file a proposed discovery plan and scheduling order by June 22, 2024. *See* Apr. 18, 2024 Dkt. Order.  Because Plaintiff had not filed proof of service of the summons and complaint and Defendants had not yet appeared in the case, the Court ordered Plaintiff to ensure that Defendants were aware of the conference. *Id.*  On May 31, 2024, the Court rescheduled the initial conference to June 27, 2024. *See* May 31, 2024 Dkt. Order.

On June 11, 2024, the Court issued a Fed. R. Civ. P. 4(m) order directing Plaintiff to complete service on Defendants by July 16, 2024.  Dkt. No. 6.  The order warned Plaintiff that if she did not complete service by this date, then the undersigned would issue a report and recommendation that the case be dismissed without prejudice. *Id.*

On June 24, 2024, the parties failed to timely file their proposed discovery plan and scheduling order in accordance with the Court's April 18, 2024 order. *See* June 24, 2024 Dkt. Order.  The Court therefore extended the deadline to July 9, 2024. *Id.*  The Court also rescheduled the initial conference to July 11, 2024. *See* July 1, 2024 Dkt. Order.

On July 11, 2024, the Court held an initial conference, but none of the parties appeared. *See* July 11, 2024 Dkt. Entry.  The Court ordered Plaintiff to show cause "by July 22, 2024 as to why this action should not be dismissed due to Plaintiff's failure to prosecute and failure to

comply with Court orders." *Id.*  The order warned Plaintiff that "[f]ailure to comply with this order will result in a *sua sponte* report and recommendation that this action be dismissed." *Id.*

Plaintiff did not respond to the Court's July 11, 2024 order to show cause.  As a result, on July 24, 2024, the Court issued a second order to show cause, which stated:

> ORDER TO SHOW CAUSE - Plaintiff failed to appear at the July 11, 2024 initial conference. Plaintiff also failed to respond to the Court's July 11, 2024 Order to Show Cause by the Court-ordered deadline; in that order, the Court noted that "[f]ailure to comply with this order will result in a sua sponte report and recommendation that this action be dismissed."
>
> The Court provides Plaintiff with one final opportunity to respond to the Order to Show Cause. Plaintiff shall respond to the Order to Show Cause by July 31, 2024.  If Plaintiff does not respond, the Court will issue a report and recommendation that this action be dismissed in its entirety.
>
> The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at the address listed on the docket sheet. Ordered by Magistrate Judge Joseph A. Marutollo on 7/24/2024. (EG) (Entered: 07/24/2024)

*See* July 24, 2024 Dkt. Order.

Plaintiff did not comply with the second order to show cause and has taken no action in this case since the complaint was filed on April 17, 2024.

## II.    Discussion

### A.    Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua*

*sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))); *Sowell v. The New York City Department of Homeless Services*, No. 23-CV-5346 (LTS), 2024 WL 870952, at *1 (S.D.N.Y. Feb. 28, 2024) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff." (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))).

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct." *Lewis v. Nationstar Mortg. LLC*, No. 18-CV-3015 (RRM) (CLP), 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019) (quoting *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)), *report and recommendation adopted*, 2021 WL 103265 (E.D.N.Y. Jan. 11, 2021). "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." *Schenck v. Bear, Stearns & Co., Inc.*, 583 F.2d 58, 60 (2d Cir. 1978) (citing *West v. Gilbert*, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)). The authority to dismiss a case *sua sponte* arises from a court's inherent power, and is not limited by Rule 41 of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *accord In re World Trade Center Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013).

In considering a Fed. R. Civ. P. 41(b) dismissal, courts weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F. 3d at

216. (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

### B.    Analysis

Here, all five of the *Baptiste* factors weigh in favor of dismissal.

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (internal citations omitted). Here, Plaintiff has taken no action to prosecute this case for over four months, since the complaint was filed on April 17, 2024. And since then, as outlined above, Plaintiff has repeatedly failed to comply with five Court orders. Plaintiff's apparent unwillingness to follow the Court's orders, and her delay in prosecuting this case overall, favor dismissal. *See Zappin*, 756 F. App'x at 112 ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure); *see also Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (collecting cases favoring dismissal after four months of inaction); *Gonzalez v. City of New York*, No. 17-CV-1824 (JGK), 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders."); *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for

failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-CV-05354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).

Plaintiff's *pro se* status does not excuse her noncompliance with Court orders.  *See Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including *pro se* [litigants], have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice."); *Gibson v. City of New York*, No. 21-CV-4251 (GHW) (BCM), 2022 WL 3566493, at *2 (S.D.N.Y. Aug. 3, 2022) ("[L]ike all litigants, *pro se* parties 'have an obligation to comply with court orders.  When they flout that obligation they . . . must suffer the consequences of their actions.'" (citation omitted)), *report and recommendation adopted*, 2022 WL 3549875 (S.D.N.Y. Aug. 18, 2022).

The second factor poses the question as to whether Plaintiff "received notice that further delays would result in dismissal."  *Drake*, 375 F.3d at 255 (internal citations omitted).  In both orders to show cause, the Court put Plaintiff on notice that her failure to comply with the order could result in dismissal.  *See* July 11, 2024 Dkt. Order; July 24, 2024 Dkt. Order.  Accordingly, this factor also weighs in favor of dismissal.

The third factor is whether Defendants are likely to be prejudiced by any further delay. *Drake*, 375 F.3d at 255.  "Courts may presume such prejudice where, as here, [Plaintiff] has caused an 'unreasonable delay.'"  *Wilson v. Doe 1-4*, No. 21-CV-5170 (RPK), 2022 WL 2065030, at *2 (E.D.N.Y. June 8, 2022) (quoting *LeSane*, 239 F.3d at 209); *Caussade v. United States*, 293

F.R.D. 625, 630-31 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." (collecting cases)).   Because Plaintiff's inaccessibility has unnecessarily delayed this case for over four months, the Court presumes prejudice.

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535.   The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn h[er] attention" to this case. *Pena*, 587 F. Supp. 3d at 114.   Indeed, Plaintiff's failure to obey Court orders, or make an attempt to prosecute this case, effectively dismisses her right to have the Court hear her claim. *See id.*

Still, *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Rule 41(b). *LeSane*, 239 F.3d at 209.   "Dismissal without prejudice adequately balances those interests in this case, by serving 'the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order.'" *Wilson*, 2022 WL 2065030, at *2 (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010)); *see Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's pro se status").

Finally, the Court finds that a sanction less drastic than dismissal would not suffice. Plaintiff had over four months to be heard, was given several chances to cure her inaction, and received warning of possible dismissal.   And still, she took no action.   Thus, any sanction short of dismissal is unlikely to be effective. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute); *see also Simonaj v. Garland*, No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287, at *2 (S.D.N.Y. Feb. 1, 2024),

("Given Mr. Gjoni's complete lack of communication and disregard of the Court's orders, no lesser sanction than dismissal is appropriate."), *report and recommendation adopted*, 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024); *Thompson v. Rising Star Beauty Salon, Inc.*, No. 15-CV-3716 (RRM)(RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective"). Despite the Court giving Plaintiff repeated opportunities to be heard, she has chosen not to prosecute this case.

Thus, this Court respectfully recommends dismissal for failure to prosecute.

## III.   Conclusion

For the foregoing reasons, this Court respectfully recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute and failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at the address listed on the docket.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Gujarati. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      Brooklyn, New York
            August 23, 2024

                                              _/s/ Joseph A. Marutollo___
                                              JOSEPH A. MARUTOLLO
                                              United States Magistrate Judge